a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DELMON MARZETT, Plaintiff | CIVIL ACTION NO. 1:18-CV-110-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN LIBBY TIGNER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Delmon Marzett ("Marzett") (#303968). Marzett is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. Marzett claims his constitutional rights were violated by Defendants at the River Correctional Center ("RCC") and the Orleans Parish Jail ("OPJ") when he was incarcerated at that those facilities.

Marzett's claims against Major Poole should be dismissed in accordance with Marzett's amended complaint. (Doc. 10). Additionally, Marzett's claims against the Orleans Parish Sheriff and transport deputies should be severed and transferred to the Eastern District of Louisiana.

I. Background

Marzett complains that he was arrested in New Orleans, but transported to University Medical Center because his knee was swollen and infected following a recent knee surgery. (Doc. 5, p. 4). After treatment at the hospital, Marzett was

returned to the OPJ. Because Marzett had a court appearance in Orleans Parish, he was restrained with shackles on his hands and feet, which were connected to a metal box at Marzett's hip. (Doc. 5, p. 4). Marzett was required to walk to the transport van while restrained, despite his knee issues. (Doc. 5, p. 4). Marzett alleges that he fell while attempting to exit the van at the courthouse. Marzett claims he hit his head on the concrete, rendering him unconscious. (Doc. 5, p. 4). Marzett was transported back to the hospital. According to Marzett, an MRI indicated severe damage to his spine. (Doc. 5, p. 4). Marzett claims that he is still in extreme pain. (Doc. 5, p. 4).

Marzett complains that he made repeated pleas to Orleans Parish Sheriff Gusman for medical treatment, which were ignored. (Doc. 5, p. 4). Marzett was then transferred to RCC. (Doc. 5, p. 4).

Marzett claims he began filling out grievances regarding his medical issues upon his arrival at RCC, but he never received a response. (Doc. 5, p. 2). Marzett alleges he was prescribed a special diet due to a diabetic condition, but Captain Davis refused to provide Marzett with the special diet. (Doc. 5, p. 5; Doc. 10, p. 2). When he attempted to address the issue through the grievance process, Captain Davis changed Marzett's diet to a low calorie diet in lieu of the doctor prescribed diet. (Doc. 10, p. 2). Additionally, Marzett alleges he was "locked up" for ten days without food or medication. (Doc. 5, p. 5; Doc. 10, p. 2). In his original complaint, Marzett alleges he was placed in lockdown by Warden Tigner or her husband, who is not employed at

2

RCC. (Doc. 5, p. 5). In his amended complaint, Marzett alleges he was placed in lockdown by Captain Davis. (Doc. 10). Marzett claims he lost weight and experienced "reactions due to low blood sugar" that "nearly killed him." (Doc. 10, p. 2).

Marzett further complains that, when he was transported from RCC to New Orleans for a court date, he was restrained on a bus for 22 hours without a bathroom break or food. (Doc. 5, p. 5).

II. Law and Analysis

    A. Marzett's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Marzett is an inmate who has been allowed to proceed *in forma pauperis*. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Marzett's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Marzett's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for s*ua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

3

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B.    <u>Marzett's claims against Major Poole should be dismissed.</u>

Because Marzett did not present factual allegations involving Major Poole, he was ordered to amend his complaint to provide factual allegations of a constitutional violation, or to dismiss Major Poole from the suit. (Doc. 9). Marzett filed an amended complaint requesting that Major Poole be dismissed. (Doc. 10).

    C.    <u>Marzett's claims regarding his treatment at the Orleans Parish Jail should be severed and transferred to the Eastern District of Louisiana.</u>

Marzett raises claims against Sheriff Gusman and John Doe regarding his medical care and conditions of confinement at the Orleans Parish Jail, prior to his transfer to RCC. Under the general venue statute, Marzett's claims should be brought in the district and division where the defendants reside and where the events which form the basis for the § 1983 claims occurred. 28 U.S.C. § 1391. Sheriff Gusman and the OPJ John Doe Defendants are located in the Eastern District of Louisiana. 28 U.S.C. § 98(a). Thus, Marzett's claims against Sheriff Gusman and the John Doe transporting deputies should be severed and transferred to the Eastern District of Louisiana.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the claims against Major Poole be DENIED and DISMISSED WITH PREJUDICE. IT IS FURTHER RECOMMENDED that Marzett's claims against Sheriff Gusman and the John Doe

Defendants be SEVERED and TRANSFERRED to the Eastern District of Louisiana. An order for service of process as to Captain Davis and Libby Tigner is forthcoming.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __6th__ day of July, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge